DAVID S. MALTIN et al., as the Butterfield Joint Committee, Appellants, v. MARYLAND CASUALTY COMPANY, Respondent, et al., Defendant.— Judgment dismissing complaint upon jury trial, unanimously reversed, on the law, and new trial granted, but, in view of the inadequacy of plaintiffs-appellants' appendix and brief, the determination is without costs and disbursements to plaintiffs-appellants and with disbursements to defendant-respondent for its appendix. This action was brought to recover upon a performance bond executed in favor of Dangray Construction Corp. (Dangray), as owner, in connection with a contract for the performance by I. B. Miller Contracting Corporation (Miller) of excavation, filling and concrete foundation work in the erection of an apartment building. Concededly, the contractor defaulted in performance and a perusal of the record indicates that plaintiff did establish a prima facie case to recover damages, though substantially less than claimed under its first cause of action, for excessive costs of completion of contract work over balance of contract price. The contract work was completed pursuant to a written contract between Dangray and Marcus Substructure Corp. (Marcus), approved by defendant Maryland Casualty Company (defendant). Said contract provided for fixed unit prices for certain concrete, steel and antihydro work, with provision for other work and materials to be paid on a cost plus basis "in accordance with daily work slips signed by our respective field representatives." Pursuant to the provisions of the contract, daily work slips, covering work and labor, equipment and materials utilized in the completion of the work were prepared in the usual course of business of Marcus and signed by the field representatives of the parties. These daily work slips were received in evidence and established prima facie the required work and labor, the equipment used and materials delivered under the Marcus contract. In addition to the unit prices fixed by the contract, the record does contain prima facie evidence supporting plaintiff's claim of the reasonableness of nearly all of the charges of Marcus for such work and labor, equipment use and materials, including testimony and a stipulation of the parties as to the prevailing wages and testimony as to prevailing rental charges for equipment. The trial court had no right to direct a dismissal of the complaint upon the ground that the "additional sums, sought, over and above the said contract price * * * should have been the subject of a lawsuit between all of the parties actually involved, including Marcus." The plaintiffs also sought recovery under a second cause of action for damages due to delay in the completion of the contract work. This cause of action was premised upon the provisions of Miller's contract whereby it agreed to "provide a progress schedule for this work showing the anticipated progress for each operation wherein the entire work shall be shown to be completed in approximately four (4) to five (5) months", and upon the further provision therein that Miller should and would "proceed with the said work, and every part and detail thereof, in a prompt and diligent manner". The printed form of contract, as it appeared prior to execution, contained the further provision to the effect that Miller, as contractor, should make good to Dangray, the owner, any damages caused by delay. Prior to the execution of the contract, however, such provision was stricken by the parties by drawing a line through the words thereof. The defendant contended that the deletion of the particular provision was tantamount to an agreement between the parties that the contractor was not to be held responsible for any delay in the work. The trial court refused to receive certain parol evidence bearing upon the intention of the parties in the matter of the striking of the clause in question and, in dismissing the cause of action for damages for delay, held that "the plaintiffs must show that such damages were within the contemplation of the parties. Unfortunately for the plaintiffs,

the contract itself specifically indicates otherwise. Speculation and conjecture cannot and must not take the place of competent proof." We conclude that, under the circumstances, there did exist an ambiguity as to the understanding of the parties with respect to liability for delay in performance of the contract work. Thus, extrinsic and parol evidence was admissible to show the intention of the parties. (22 N. Y. Jur., Evidence, § 616; 32A C. J. S., Evidence, §§ 959, 960.) Finally, if we were to assume that Dangray did not waive all right to damages for delay, the evidence in the record is such as to raise an issue of fact as to whether or not the contract work was performed " in a prompt and diligent manner", and whether or not and to what extent the owner, Dangray, was damaged by a failure to so perform the work. Concur — Breitel, J. P., Rabin, Stevens, Eager and Steuer, JJ.